**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TROY W. MILLER,<br>            Appellant, | DOCKET NUMBER<br>DA-1221-11-0401-W-3 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>            Agency. | DATE: April 8, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Dennis L. Friedman</u>, Esquire, Philadelphia, Pennsylvania, for the appellant.

<u>John T. LeMaster</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in his individual right of action (IRA) appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant formerly held the position of Superintendent of Industries, GS-13, with the agency's Federal Bureau of Prisons. Hearing Transcript (HT) at 6-8. The appellant's primary duty as Superintendent of Industries was to supervise the running of a UNICOR factory that produced helmets for the military. HT at 8-11. UNICOR is the trade name for Federal Prison Industries, a government-owned corporation that employs inmates incarcerated in correctional facilities under the Federal Bureau of Prisons. HT at 227. The appellant filed an appeal with the Board alleging that he was reassigned out of his position into a series of temporary assignments, and then finally to the position of Management Analyst, GS-13, in retaliation for whistleblowing activity, specifically, a verbal disclosure on October 7, 2009, and verbal and written disclosures on December 16, 2009, of gross mismanagement and the gross waste of funds in the factory's operations. Initial Appeal File (IAF), Tab 10 at 1.

¶3 After holding a hearing, the administrative judge issued an initial decision finding that the appellant had established by a preponderance of the evidence that he had made protected disclosures under 5 U.S.C. § 2302(b)(8) that were a

contributing factor in the decision to reassign him, but the agency had established by clear and convincing evidence that it would have reassigned the appellant in the absence of his disclosures.  IAF, Tab 12, Initial Decision (ID) at 9, 18.

¶4    The appellant has filed a petition for review of the initial decision arguing that the administrative judge incorrectly found that the agency met its burden of proving by clear and convincing evidence that it would have reassigned him in the absence of his disclosures.  Petition for Review (PFR) File, Tab 6.  The agency has filed a response in opposition to the appellant's petition.  PFR File, Tab 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    When reviewing the merits of an IRA appeal, if the appellant is able to prove by a preponderance of the evidence that he made a protected disclosure under 5 U.S.C. § 2302(b)(8) that was a contributing factor in an agency's personnel action, then the Board must order corrective action unless the agency can establish by clear and convincing evidence that it would have taken the same personnel action in the absence of the disclosure.  *Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 17 (2013).  Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established.  *Id.*  The administrative judge, having determined that the appellant proved by a preponderance of the evidence that his two disclosures were a contributing factor in the decision to reassign him, analyzed whether the agency had established by clear and convincing evidence that it would have reassigned the appellant in the absence of the disclosures.  ID at 6-9, 11-18.

¶6    One of the appellant's supervisors testified that the appellant was initially reassigned because the Office of the Inspector General (OIG) requested that he be removed from the operational aspects of the UNICOR factory during an investigation.  HT at 321-22.  OIG raised concerns that the appellant's presence

might compromise the integrity of the investigation. HT at 361. The supervisor also testified that OIG subsequently requested that he be removed from a set of temporary duties because of accusations that the appellant was hampering the investigation by having conversations with inmates who had worked at the factory. HT at 325-26, 353. The supervisor further testified that the appellant was removed from another set of temporary duties at OIG's request after accusations that the appellant was monitoring the phone calls of inmates who had worked in the factory specifically to gain information about the investigation. HT at 326-29. The supervisor testified to the increasing difficulty in identifying duties that the appellant could perform during the investigation. HT at 291-94. The factory closure at the appellant's facility was announced around September 2011. HT at 339. On June 14, 2012, the appellant received a directed reassignment to the position of Management Analyst, GS-13. IAF, Tab 6 at 11-17.

¶7        In determining whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosure, the Board generally considers the strength of the agency's evidence in support of its action, the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision, and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). The Board does not view the *Carr* factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but will weigh the factors together to determine whether the evidence is clear and convincing as a whole. *McCarthy v. International Boundary & Water Commission*, 116 M.S.P.R. 594, ¶ 44 (2011), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012), *cert. denied*, 134 S. Ct. 386 (2013).

¶8        In applying the *Carr* factors, the administrative judge considered the evidence and testimony presented by both the agency and the appellant. ID at

6-9, 11-18.  The administrative judge found that the appellant's supervisor had little motive to retaliate because he had no vested interest in the subject of the disclosures, i.e., alleged mismanagement and the waste of funds at UNICOR.  *E.g.*, ID at 7, 13, 18.  The administrative judge also found that considerable unrebutted evidence supported the agency's stated reason for reassigning the appellant in the manner that it did.  *E.g.*, ID at 8-9, 14, 17-18.  The administrative judge found that there were no similarly situated-employees, and, therefore, no basis for evaluating whether the agency took similar actions against non-whistleblowers under comparable circumstances.  ID at 9, 18.

¶9        The appellant argues on review that his supervisor's testimony concerning his reassignment was based "in its entirety" on hearsay and without corroborating evidence and thus lacks the persuasiveness necessary to meet the clear and convincing evidence standard.  PFR File, Tab 6 at 12-14.  The supervisor's testimony about what he was told by OIG is not hearsay.  *See* Fed. R. Evid. 801(c) (defining "hearsay" as a statement, other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted).  His testimony is direct evidence, i.e., his own personal knowledge gained by hearing directly from OIG.[2]  *See, e.g.*, HT at 321.  As noted in the initial decision, the record contains evidence that corroborates the supervisor testimony.  The appellant sent an email on December 16, 2009, stating that he had been removed from the factory on December 15, 2009, due to the OIG investigation.  ID at 9.  The appellant testified that his supervisor called him and told him he was being removed because OIG was coming to do an investigation with his staff.  *Id*.  The nature and scope of the investigation, including the involvement of the U.S. Attorney's Office, also corroborates the supervisor's testimony.  ID at 17-18; HT at 104-10.

---

[2] In any event, hearsay evidence is admissible in Board proceedings, but the assessment of the probative value of hearsay evidence necessarily depends on the circumstances of each case.  *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83-87 (1981).

¶10     Next, the appellant argues that the administrative judge erred in failing to properly consider certain factors in assessing whether the supervisor's testimony was credible. PFR File, Tab 6 at 13-15. Specifically, he argues that the supervisor's testimony, that OIG directed his reassignment because OIG has no administrative authority over Federal Bureau of Prisons employees, is inherently improbable. *Id.* at 14-15. The appellant also argues that his supervisor's testimony was inherently improbable because the agency never produced documentary evidence of OIG's request, the appellant was never given written notice regarding the reasons for the reassignment, and many of his temporary duties were not commensurate with the grade level of his position. *Id.* We find these arguments unpersuasive. The appellant's supervisor testified that OIG requested that the appellant be reassigned, the request was discussed amongst the appellant's supervisor, his regional director, and UNICOR's central office, and the agency decided to reassign the appellant. HT at 321-24. The appellant's supervisors further explained that it was difficult to find duties for the appellant that were commensurate with his grade level during the protracted OIG investigation because OIG asked that he not have access to the inmates who had worked in the factory, and he could no longer access the UNICOR computer. *See* HT at 292, 330-32. We find that it is not inherently improbable that OIG would ask that the appellant be reassigned during its investigation, or that the agency would comply with this request, given the apparent scope of the investigation and the possibility of criminal charges against the appellant. *See* HT at 104-10, 287-91, 297, 321-22.

¶11     The appellant argues, moreover, that his supervisor had a strong retaliatory motive because his disclosures were an impediment to the supervisor's interest in maximizing inmate employment in the "highly profitable" helmet production business. PFR File, Tab 6 at 15. The record, however, does not support such a conclusion. We agree with the administrative judge's finding that the supervisor had little to no motive to retaliate because he possessed little knowledge as to the

products manufactured in the factory, exercised no responsibility or influence over the business decisions at the factory, and was not principally interested in whether the factory was profitable or not, as long as it continued to provide training and employment for inmates.  ID at 7.  We also agree with the administrative judge's finding that the supervisor had little motive to retaliate based on the appellant's disclosures because, when the appellant made his disclosures, OIG's investigation into the factory's operations was already underway.  ID at 13.

¶12        In sum, we find that the appellant's assertions on review reflect mere disagreements with the administrative judge's well-reasoned and thoroughly explained findings.  After considering the arguments raised by the appellant in his petition for review, we find no basis to disturb the administrative judge's finding that the agency established by clear and convincing evidence that it would have reassigned the appellant in the absence of his disclosures.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you

may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board

neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:         _____
                                     William D. Spencer
                                     Clerk of the Board

Washington, D.C.